# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant HERIBERTO ESPINOZA**
**United States Army, Appellant**

ARMY 20110543

Headquarters, 1st Sustainment Command (Theater)
Michael Hargis, Military Judge
Lieutenant Colonel Juan Pyfrom, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (on brief in response to specified issue); Major Jacob D. Bashore, JA; Captain John L. Schriver, JA (on original brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief in response to specified issue); Lieutenant Colonel Amber J. Roach, JA (on original brief).

25 January 2013

--------------------------------
SUMMARY DISPOSITION
--------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of wrongfully exporting oxycodone (a Schedule II controlled substance) from the United States; wrongfully introducing with the intent to distribute oxycodone onto an installation used by, or under the control of, the armed forces; wrongfully possessing, with the intent to distribute, oxycodone; and wrongfully distributing oxycodone, all in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for ten months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

On 31 July 2012, appellant submitted this case on its merits but personally raised the issue of unreasonable multiplication of charges pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A. 1982). Thereafter, this court issued an order to government counsel to brief the specified issue of unreasonable multiplication of charges.[1] We have now received briefs from both appellant's counsel and government counsel on this issue.

## LAW AND DISCUSSION

The government concedes that Specification 3 of The Charge, wrongfully possessing oxycodone with the intent to distribute, was unreasonably multiplied with Specification 4 of The Charge, wrongful distribution of oxycodone.[2] We agree and accordingly accept the government's concession.

Pursuant to Rule for Courts-Martial 307(c)(4), "[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Our superior court, in *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001), listed five factors to help guide our analysis of whether charges have been unreasonably multiplied:

>  (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
>  (2) Is each charge and specification aimed at distinctly separate criminal acts?;
>
>  (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;
>
>  (4) Does the number of charges and specifications *unfairly* increase [the] appellant's punitive exposure?;

---

[1] WHETHER APPELLANT'S CONVICTIONS ON THE FOUR SPECIFICATIONS OF THE CHARGE ARE THE RESULT OF UNREASONABLE MUTIPLICATION OF CHARGES.

[2] The government further concedes Specification 3 of The Charge was also unreasonably multiplied with Specification 2 of The Charge, (wrongful introduction of oxycodone onto a military installation with the intent to distribute). This issue, as well as the issue of multiplicity, is rendered moot pursuant to finding Specification 3 of The Charge was unreasonably multiplied with Specification 4 of The Charge.

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*Id.* at 338 (internal citation omitted).

In regards to the first *Quiroz* factor, appellant did not raise this issue at trial, and therefore we find this factor does not favor appellant. Failure to raise this issue, however, is not dispositive. *United States v. Gilchrist*, 61 M.J. 785, 789 (Army Ct. Crim. App. 2005). We also do not find in appellant's favor in regards to the fourth *Quiroz* factor. Appellant's punitive exposure was already capped by the jurisdictional limits of his special court-martial and was not unreasonably increased by Specification 3 of The Charge. Regarding the fifth *Quiroz* factor, we do not find in appellant's favor because there is no evidence of prosecutorial overreaching or abuse.

In regards to the remaining *Quiroz* factors, however, we find in favor of appellant. Appellant's possession of oxycodone, according to the providence inquiry, only lasted for a matter of minutes and was merely incidental to his immediate distribution of the drug. We therefore hold, pursuant to the second and third *Quiroz* factors, that Specification 3 of The Charge was not aimed at a distinctly separate criminal act and the addition of Specification 3 of The Charge does misrepresent or exaggerate the appellant's criminality. We will take appropriate action in our decretal paragraph.

Contrary to appellant's argument, we find Specifications 1, 2, and 4 of The Charge have not been unreasonably multiplied. In applying the *Quiroz* factors, first, appellant did not object at trial that there was an unreasonable multiplication of charges. To the contrary, appellant pleaded guilty to each of these three specifications.

Second, each of these specifications covers a distinct criminal act completed at different times. Specification 1 of The Charge addresses appellant's criminal act of exporting a controlled substance from the United States, an act completed once the drug left the United States. Specification 2 of The Charge separately charges appellant with wrongfully introducing a controlled substance onto a military installation with the intent to distribute this substance. In comparing this offense with Specification 1 of The Charge, it was not completed until appellant introduced the drug onto a military installation. Further, Specification 4 of The Charge required appellant to later distribute the drug.

Third, although Specifications 1 and 2 of The Charge represent building blocks in appellant's criminal scheme to accomplish the distribution of oxycodone, they were distinct crimes and were appropriately treated as such.

ESPINOZA—ARMY 20110543

Fourth, because this case was tried at a special court-martial, each of the specifications individually triggered the maximum punishment, and appellant was therefore not unreasonably exposed to additional punishment based on facing three separate specifications.

Fifth, there is no allegation or evidence that the prosecution overreached in its charging decision.

In conclusion, although the *Quiroz* factors are not exhaustive, in applying these factors to the present case, we find that Specifications 1, 2, and 4 of The Charge do not represent an unreasonable multiplication of charges.

**CONCLUSION**

The finding of guilty of Specification 3 of The Charge is set aside and that specification is dismissed. We further find that the second issue raised by appellant pursuant to *Grostefon*, 12 M.J. at 431, lacks merit. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record and the matters personally raised by appellant, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the sentence approved by the convening authority is approved.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4